TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1781 CV 00767

Gina Ciampolillo , Plaintiff(s)

v.

Oracle America, Inc. , Defendant(s)

### SUMMONS

To the above-named Defendant: Oracle America, Inc. c/o of its Registered Agent, Corporation Service Company, 84 State Street, Boston, MA 02109

You are hereby summoned and required to serve upon Eric R. LeBlanc Bennett + Belfort, P.C. plaintiff's attorney, whose address is 24 Thorndike Street Suite 300, Cambridge, MA 02141 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center, Woburn, MA 01801 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esquire, at .............................................................................

the ........................................... day of .......... March ...............................................

..................., in the year of our Lord .......... 2017 ......................... .

......................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A TRUE COPY ATTEST

CONSTABLE AND DISINTERESTED PERSON

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .......................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.................................................................................................................................................
.................................................................................................................................................
.................................................................................................................................................
..................................................................................................

Dated: ..................................................................................................,20..........

**N.B.  TO PROCESS SERVER:**
        **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
        **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )
(         **MAR 2 2 2017**                         )
(         ....................................., 20.......... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ...., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 1781 cv 00767

Gina Ciampolillo

Pltf.

v.

Oracle America, Inc.

Deft.

SUMMONS
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                         SUPERIOR COURT DEPARTMENT
                                                                     CIVIL ACTION NO: **17-767**

)
GINA CIAMPOLILLO,                          )
                                           )
                 Plaintiff                 )
                                           )
v.                                         )          COMPLAINT AND
                                           )          DEMAND FOR JURY TRIAL
ORACLE AMERICA, INC.,                      )
                                           )
                 Defendant                 )
_____)

## I.   INTRODUCTION

This action arises from the application of Plaintiff, Gina Ciampolillo ("Plaintiff" or "Ms.

Ciampolillo"), to Defendant, Oracle America ("Defendant" or "Oracle"), for a position that Ms.

Ciampolillo was eminently qualified to fulfill; Oracle's wrongful discrimination against Ms.

Ciampolillo on the basis of her gender during the application process; and Oracle's ultimate

rejection of Ms. Ciampolillo's application on the basis of her pregnancy.

## II.   PARTIES

1.      Plaintiff, Gina Ciampolillo, is an individual residing in Massachusetts.

2.      Defendant, Oracle America, Inc., is a corporation organized under the laws of the

state of Delaware with offices located across the United States, including 95 Network Drive,

Burlington, Massachusetts.

## III.   FACTS OF THE COMPLAINT

3.      Oracle supplies software for information management, for which is offers

database, tools and application products along with related consulting, education and support

services. Oracle also sells hardware, including computer servers, storage systems and processors.

1

4.      For approximately the last four years, Ms. Ciampolillo has worked in the sales industry as a Senior Business Consultant with a focus on leveraging company resources, including technology resources, practice management resources, marketing and business development resources, among others.  This position has required Ms. Ciampolillo to regularly perform product-based presentations.

5.      In or around January 2016, Oracle posted an online advertisement for the position of "Pre-Sales Consultant."

6.      On or around January 6, 2016, Ms. Ciampolillo applied online for the position of Pre-Sales Consultant at Oracle.  At this time, Ms. Ciampolillo was newly pregnant but unaware of this fact.

7.      In February 2016, Julie Chicoine ("Ms. Chicoine"), a Senior Recruiter at Oracle, contacted Ms. Ciampolillo and informed her that Oracle was impressed with her resume and interested in moving forward with the interview process.

8.      Shortly thereafter, Ms. Chicoine introduced Ms. Ciampolillo to Michael Whelan, Sales Consulting Manager ("Mr. Whelan"), who conducted a phone interview with Ms. Ciampolillo.  During that interview, Mr. Whelan indicated that Oracle was looking to move the hiring process along quickly because they were in need of people with strong sales skills.

9.      Following his interview with Ms. Ciampolillo, Mr. Whelan introduced Ms. Ciampolillo to Amy Caine ("Ms. Caine"), Sales Consulting Manager for CX Cloud Solutions Sales and Marketing Products and the manager responsible for hiring the Pre-Sales Consultant.

10.     In or around late February or early March 2016, Ms. Ciampolillo learned she was pregnant.

2

11. Throughout the hiring process, Ms. Caine repeatedly told Ms. Ciampolillo that she was impressed with Ms. Ciampolillo's relationship management background and ability to effectively engage with business owners, which substantially differentiated her from many of the other candidates, most of whom had technology backgrounds.

12. In March 2016, Ms. Caine requested that Ms. Ciampolillo prepare case studies and a web-based presentation of Oracle software as part of the interview process. Ms. Caine indicated there was an instant need for Ms. Ciampolillo's services, and that if she was offered the position, Oracle wanted to onboard her immediately.

13. Ms. Ciampolillo worked closely with Ms. Caine to develop a presentation that met Oracle's expectations, incorporating Ms. Caine's suggestions in order to deliver a satisfactory web-based presentation that demonstrated her ability to excel at the Pre-Sales Consulting position.

14. Ms. Ciampolillo delivered the web-based presentation around late-March 2016 or early-April 2016. Oracle never relayed any negative feedback about the presentation to Ms. Ciampolillo. In fact, on April 14, 2016, Ms. Caine sent Ms. Ciampolillo an email, which stated "[t]hank you again for a good presentation."

15. Immediately following Ms. Ciampolillo's web-based presentation to Oracle, Ms. Caine offered Ms. Ciampolillo the Pre-Sales Consultant position.

16. Ms. Caine told Ms. Ciampolillo that the position of Pre-Sales Consultant included a yearly base salary of $95,000 and 40% target bonus of approximately $38,000, for a total compensation package of approximately $140,000 per year. Ms. Caine again stated to Ms. Ciampolillo that Oracle would like to onboard Ms. Ciampolillo as quickly as possible because there was an immediate need for her services.

3

17.     Ms. Caine also told Ms. Ciampolillo that of the more than 42 people Oracle interviewed for the position, only Ms. Ciampolillo and another (male) candidate were receiving offers.  Furthermore, Ms. Caine told Ms. Ciampolillo that she was by far the best candidate she had seen, and that Ms. Ciampolillo would be the second highest paid person working under Ms. Caine.

18.     On April 15, 2016, Ms. Caine sent an email to Ms. Ciampolillo confirming that the offer was in Oracle's system and that Ms. Ciampolillo should soon expect to receive a communication from HireRight, the screening company used by Oracle to conduct background checks of potential employees.

19.     Shortly thereafter, Ms. Caine requested that Ms. Ciampolillo start work at Oracle in the first week of June 2016, and stated that she was excited to have Ms. Ciampolillo join the team.

20.     Approximately one week later, Ms. Caine informed Ms. Ciampolillo that she had successfully made it through three levels of corporate approval, but Ms. Caine did not expect any further movement until a formal headcount had been approved for the upcoming fiscal year.

21.     On April 27, 2016, Ms. Caine sent Ms. Ciampolillo an email stating that the offer was being held up as a result of continued discussions concerning the organizational structure for the upcoming fiscal year, but that "when [Ms. Caine] spoke with [her] VP he said all the offers will go through," including Oracle's offer of employment to Ms. Ciampolillo.

22.     On May 4, 2016, Ms. Caine contacted Ms. Ciampolillo and told her that she expected hiring to commence on or around June 1, 2016, the start of Oracle's fiscal year, and that the team was "looking forward to [Ms. Ciampolillo] joining!"  When asked about an estimated

4

start date, Ms. Caine stated that she was hoping Ms. Ciampolillo could begin the first week of June 2016.

23.     Around the same time period, Ms. Caine suggested that Ms. Ciampolillo join several Oracle conference calls so that Ms. Ciampolillo could begin to familiarize herself with her daily responsibilities.

24.     On or around May 27, 2016—approximately three weeks after Ms. Caine had offered Ms. Ciampolillo the position—Ms. Ciampolillo informed Ms. Caine via telephone that she was approximately five months pregnant.

25.     During the telephone call, Ms. Ciampolillo inquired into the benefits and leave offered by Oracle. Ms. Ciampolillo said she would likely seek 12 weeks of maternity leave and would return to work in January 2017. Ms. Caine asked Ms. Ciampolillo about the maternity benefits her current employer offered, purportedly to determine what Oracle could provide Ms. Ciampolillo to incentivize Ms. Ciampolillo to take the position at Oracle.

26.     Ms. Ciampolillo concluded the conversation with Ms. Caine by stating that she was excited to start with Oracle as soon as possible, whether or not she qualified for maternity leave.

27.     On or around May 31, 2016 (just days after Ms. Ciampolillo told Ms. Caine that she was pregnant), Ms. Caine told Ms. Ciampolillo that the Pre-Sales Consultant position was no longer open due to "corporate restructuring."

28.     Ms. Ciampolillo was shocked by this news given Ms. Caine's repeated representations that Ms. Ciampolillo was the ideal candidate for the Pre-Sales Consultant position, and that Ms. Caine was sure the offer would move forward, even going so far as to state that her "VP" had stated that all offers would go through.

5

29.   Ms. Caine told Ms. Ciampolillo that she had been moved to a different team within Oracle, and no longer had the headcount available to hire Ms. Ciampolillo.  Notably, Ms. Caine's LinkedIn page stated that she continued to hold the same position she had held for the previous eight months (Senior Sales Consulting Manager, CX Cloud Solutions), as the hiring manager responsible for Ms. Ciampolillo's offer of employment.

30.   Further, Ms. Caine stated that when she did have the headcount available, she would reach out to Ms. Ciampolillo again.  She specifically stated that she would speak to Ms. Ciampolillo again in January 2017—the month when Ms. Ciampolillo had indicated she would be returning from maternity leave.

31.   On or around June 15, 2016, despite Ms. Caine's statement to Ms. Ciampolillo that the Pre-Sales Consultant position was no longer available, Oracle posted an open position for Pre-Sales Consultant for its Burlington, Massachusetts location.  The position described in that posting was identical to the one for which Ms. Ciampolillo had applied.

32.   Notably, the position posted on June 15, 2016 did not specify any differences in the division or department that the position served as compared to the position posted in January 2016.

33.   On June 21, 2016, Ms. Chicoine, the Oracle recruiter with whom Ms. Ciampolillo had originally spoken, contacted Ms. Ciampolillo and said she was sorry to hear of Ms. Ciampolillo's decision to withdraw her name from consideration for the Pre-Sales Consultant position.

34.   Ms. Ciampolillo was surprised and confused by Ms. Chicoine's communication because she had been informed by Ms. Caine that the position no longer existed.  At no time did Ms. Ciampolillo withdraw herself from the selection process.

6

35.    Oracle discriminated against Ms. Ciampolillo because of her gender and sex (pregnancy) in violation of M.G.L. c.151B, Title VII of the 1964 Civil Rights Act, and other applicable laws.

36.    As a result of Defendant's actions, Ms. Ciampolillo has suffered damages including, but not limited to, lost pay, reputational damage, lost benefits, and emotional distress.

37.    Plaintiff notified the Massachusetts Commission Against Discrimination of her intention to file a private action in this matter.

IV.    COUNT OF THE COMPLAINT

-COUNT I-
GENDER DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B

38.    Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

39.    Plaintiff was a member of a protected class because of her pregnancy.

40.    Despite Ms. Ciampolillo's qualifications for the Pre-Sales Consultant position, the positive feedback she received from Ms. Caine regarding her presentation, and Ms. Caine's repeated assurances that her offer would be finalized, within days of discovering that Ms. Ciampolillo was pregnant, Oracle revoked its offer.

41.    Within two weeks after Oracle revoked its offer, it posted a job opening for an identical position.

42.    As a result of Oracle's discriminatory actions, Plaintiff has suffered damages.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Gina Ciampolillo, prays that this Honorable Court award judgment against the Defendant and in her favor for the following relief:

1.    Compensatory damages;

7

2.      Back pay and front pay;

3.      Emotional distress damages;

4.      Punitive damages;

5.      Attorneys' fees;

6.      Costs of this action;

7.      Prejudgment and post-judgment interest; and

8.      Such further relief as the Court deems fair and just.

## V.   JURY DEMAND

Plaintiff hereby demands a TRIAL BY JURY on every claim and issue so triable.

Respectfully submitted,
Gina Ciampolillo,
By her attorneys,

Dated: March 9, 2017

Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Craig D. Levey (BBO# 681531)
clevey@bennettandbelfort.com
Sarah E. Amundson (BBO# 691089)
samundson@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800

8

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1781CV00767 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Gina Ciampolillo vs. Oracle America, Inc. | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO: Eric R. LeBlanc, Esq. Bennett & Belfort, P.C. 24 Thorndike Street Suite 300 Cambridge, MA 02141 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/12/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 07/11/2017 | |
| All motions under MRCP 12, 19, and 20 | 07/11/2017 | 08/10/2017 | 09/11/2017 |
| All motions under MRCP 15 | 07/11/2017 | 08/10/2017 | 09/11/2017 |
| All discovery requests and depositions served and non-expert despositions completed | 01/08/2018 | | |
| All motions under MRCP 56 | 02/06/2018 | 03/08/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/06/2018 |
| Case shall be resolved and judgment shall issue by | | | 03/13/2019 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 03/13/2017 | ASSISTANT CLERK Arthur T DeGuglielmo | PHONE (781)939-2757 |
|---|---|---|

Date/Time Printed 03-13-2017 10:48:48                                    SCV026\ 11/2014

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Gina Ciampoillo | COUNTY |
|---|---|---|
| ADDRESS: | c/o Bennett & Belfort, P.C. | Middlesex |
| | 24 Thorndike Street, Suite 300 | DEFENDANT(S): Oracle America, Inc. |
| | Cambridge, MA 02141 | |
| ATTORNEY: | | |
| ADDRESS: | | ADDRESS: 95 Network Drive |
| | | Burlington, MA 01803 |
| BBO: | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe:   Please see description of claim below.

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ...................................................................................................... $
2. Total doctor expenses ...................................................................................................... $
3. Total chiropractic expenses ...................................................................................................... $
4. Total physical therapy expenses ...................................................................................................... $
5. Total other expenses (describe below) ...................................................................................................... $
                                                                                    Subtotal (A): $

B. Documented lost wages and compensation to date ...................................................................................................... $
C. Documented property damages to dated ...................................................................................................... $
D. Reasonably anticipated future medical and hospital expenses ...................................................................................................... $
E. Reasonably anticipated lost wages ...................................................................................................... $
F. Other documented items of damages (describe below) ...................................................................................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                    TOTAL (A-F):$

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):                                        TOTAL: $    25,000 +
Gender discrimination in violation of MGL c. 151B

Signature of Attorney/Pro Se Plaintiff: X _____          Date: Mar 9, 2017

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____          Date: 3|9|17

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Finance, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action Involving an Incarcerated Party | (F) |
| PD1 Equity Action Involving an Incarcerated Party | (F) |
| PE1 Administrative Action Involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c.265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |

---

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**



**I Court**
**cess**

## Gina vs. Oracle America, Inc.

| ⇕ Start Date | ⇕ Due Date | ⇕ Days Due |
|---|---|---|
| 03/13/2017 | 06/12/2017 | 91 |
| 03/13/2017 | 07/11/2017 | 120 |
| 03/13/2017 | 07/11/2017 | 120 |
| 03/13/2017 | 08/10/2017 | 150 |
| 03/13/2017 | 09/11/2017 | 182 |
| 03/13/2017 | 07/11/2017 | 120 |
| 03/13/2017 | 08/10/2017 | 150 |
| 03/13/2017 | 09/11/2017 | 182 |
| 03/13/2017 | 01/08/2018 | 301 |
| 03/13/2017 | 02/06/2018 | 330 |
| 03/13/2017 | 03/08/2018 | 360 |
| 03/13/2017 | 07/06/2018 | 480 |
| 03/13/2017 | 03/13/2019 | 730 |

**Docket Text**

Attorney appearance
On this date Eric R. LeBlanc, Esq. added as Private Counsel for Plaintiff Gina Ciampolillo

Case assigned to:
DCM Track F - Fast Track was added on 03/13/2017

Original civil complaint filed.

Civil action cover sheet filed.

Demand for jury trial entered.

Gina Ciampolillo's   MOTION for appointment of Special Process Server.
Motion Allowed To Appoint Ronald DiGiorgio (Haggerty, J.)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

GINA CIAMPOLILLO,                     )
                                      )
          PLAINTIFF,                  )
                                      )
     v.                               )          CIVIL ACTION NO. 17-767
                                      )
ORACLE AMERICA, INC.,                 )
                                      )
          DEFENDANT.                  )
                                      )
                                      )

## ANSWER TO COMPLAINT

For its answers and defenses to the Complaint and Jury Demand (the "Complaint") of plaintiff Gina Ciampolillo, defendant Oracle America, Inc. ("Oracle" or "Defendant") states as set forth herein.  Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint.  Defendant answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

### PARTIES

1.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2.     Defendant admits the allegations contained in paragraph 2 of the Complaint.

### FACTS

3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits that "[o]n or around January 6, 2016, Ms. Ciampolillo applied online for the position of Pre-Sales Consultant at Oracle." Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore denies them.

7.      Defendant admits that "[i]n February 2016, Julie Chicoine, a Senior Recruiter at Oracle, contacted Ms. Ciampolillo." Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits that "Ms. Chicoine introduced Ms. Ciampolillo to Michael Whelan, Sales Consulting Manager, who conducted a phone interview with Ms. Ciampolillo." Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies them.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits that "[o]n or around May 27, 2016" "Ms. Ciampolillo informed Ms. Caine via telephone that she was approximately five months pregnant." Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits that "[d]uring the phone call, Ms. Ciampolillo inquired into the leave and benefits offered by Oracle."  Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant admits that the corporate restructuring was announced on May 31, 2016 and that Ms. Caine contacted Ms. Ciampolillo to inform her of the corporate restructuring. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant admits that "Ms. Caine told Ms. Ciampolillo that she had been moved to a different team within Oracle and no longer had the headcount available to hire Ms. Ciampolillo."  Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant is without information sufficient to form a belief as to the truth of the
        allegations contained in paragraph 37 of the Complaint and therefore denies them.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B

38.     Defendant incorporates its responses to paragraphs 1-37 of the Complaint.

39.     Paragraph 39 of the Complaint sets forth legal conclusions to which no response is
        required. To the extent a response is required, Defendant denies such allegations.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint sets forth legal conclusions to which no response is
        required. To the extent a response is required, Defendant denies such allegations.

## PRAYERS FOR RELIEF

Defendant denies that Plaintiff is entitled to any form of relief.

## JURY DEMAND

Defendant is not required to respond to Plaintiff's jury demand.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## SECOND DEFENSE

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

## THIRD DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendant must be reduced by that amount. In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendant must be barred.

## FOURTH DEFENSE

Plaintiff's claims fail in whole or in part to the extent Plaintiff failed to exhaust her administrative remedies.

## FIFTH DEFENSE

Any and all actions Defendant took with respect to Plaintiff were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate, and for lawful and legitimate, nondiscriminatory reasons.

## SIXTH DEFENSE

At all times relevant to the allegations in the Complaint, Defendant exercised reasonable care to prevent discriminatory behavior as alleged by Plaintiff. Further, at all times relevant to the allegations in the Complaint, Defendant had an effective policy in place for the prevention and correction of unlawful discriminatory practices, including, but not limited to, sex discrimination.

## SEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to enforce prohibitions on discrimination.

## EIGHTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this answer and assert such defenses.

Respectfully submitted,

ORACLE AMERICA, INC.
By Its Attorneys

Anthony D. Rizzotti (BBO# 561967)
Shannon M. Berube (BBO #690974)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Phone:  617.378.6000
Fax:  617.737.0052
arizzotti@littler.com
sberube@littler.com

April 10, 2017

## CERTIFICATE OF SERVICE

I, Anthony Rizzotti, hereby certify that on April 10, 2017, I served a true copy of the foregoing pleading upon counsel for the Plaintiff by first-class mail.

Shannon M. Berube

Firmwide 146538383.1 026838.1010